[Civ. No. 18812.   Second Dist., Div. One.   Sept. 30, 1952.]

MARSHALL ABBOTT, Appellant, v. GEORGE F. HAUSCHILD, Respondent.

[Civ. No. 18813.   Second Dist., Div. One.   Sept. 30, 1952.]

MARSHALL ABBOTT, Appellant, v. GEORGE D. HIGGINS et al., Respondents.

Marshall Abbott in pro. per. and Alfred D. Freis for Appellant.

George D. Higgins in pro. per. for Respondents.

WHITE, P. J.—The appeals in the two above entitled causes have been presented on a single set of briefs, the causes having been tried together in the superior court. In case No. 18812 (Superior Court No. 578115) plaintiff sought to quiet title to an asserted one-half interest in a parcel of real property and by a second cause of action sought to enforce an "attorney's lien" upon one-half the proceeds of the sale of the property if the property had been sold. Plaintiff appeals from the judgment that he take nothing by this action.

In case No. 18813 (Superior Court No. 581830) plaintiff sought damages for breach of contract and by his third cause of action sought to recover against defendant George D. Higgins for inducing such breach. In this case a demurrer to the third cause of action was sustained without leave to amend, and after trial, judgment was entered that plaintiff recover the sum of $150 as reasonable attorney's fees for services actually rendered by him. ▆▆ Plaintiff appeals from that portion of the judgment providing that he take nothing by his first cause of action, as well as from that portion of the judgment to the effect that he recover only the sum of $150 as attorney's fees.

In June, 1947, defendant Hauschild consulted the plaintiff, an attorney, with reference to property standing in the joint names of Hauschild and his wife, which property will be referred to as the Ninth Avenue property. Plaintiff dictated, and there was reduced to typewriting and signed by Hauschild, a document entitled "Statement of Facts," containing recitals as to the manner in which Hauschild acquired his Ninth Avenue property and other real estate. The statement then continued with recitals to the effect that Hauschild married his wife Rosalie in January, 1929; that he was a janitor and maintenance man of no business experience and trusted his wife; that she persuaded him that under Cali-

fornia law his property should be put in joint tenancy with her, and relying upon her, he permitted this to be done; that through his wife he met a Mr. Knouse, who made him a loan of $1,800 which he repaid; that relying upon his wife and Mr. Knouse he signed a series of mortgages and promissory notes; that in June, 1947, he received a demand from the executors of the estate of Knouse for payment of a mortgage upon the Ninth Avenue property. The balance of the ''Statement of Facts'' is quoted in full as follows:

''I know nothing about this mortgage and if the mortgage bears my signature, it was secured from me based upon my full faith and reliance upon the truthfulness and honesty of my wife and the said Q. A. Knouse. I did not receive any of the proceeds of this mortgage and I do not know whether any monies were actually received in return for the signing of the promissory notes and mortgage. It is my belief that' Knouse secured my signature on a number of blank forms at the time that I made my only loan, to which I have herein already referred.

''The letter I received from Mr. Pyle, Attorney for the estate, says that this matter now has to be taken care of and unless it is taken care of promptly, foreclosure proceedings will be instituted and the property sold at public auction to the highest bidder and a deficiency judgment taken against me for the difference between the amount due and payable and the amount for which the property sells. The letter also suggests that I give them a deed to the 9th Avenue property if they will accept it in full settlement.

''I desire that you bring a proper action, do everything necessary to get this property back for me. For your compensation I will pay you 50 per cent of any money realized from the sale of the property at 3512 9th Avenue, and I hereby assign to you a ½ interest in said property at 3512 9th Avenue. However, I do not want my 3rd Street property to be touched under any circumstances. I will pay you a reasonable fee for getting my property back from my wife.''

In superior court action No. 578115 (the quiet title and attorney's lien case) the trial court found that the agreement was prepared by the plaintiff, an attorney-at-law, who had some prior relations with his client, the defendant, Hauschild. Plaintiff was employed to get this property, that is the Ninth Avenue property, ''back from my wife.'' The court further found that the language in the last paragraph of the ''State-

ment of Facts," that "I desire you to bring a proper action to do everything necessary to get this property back for me. For your compensation, I will pay you 50 per cent of any money realized from the sale of the property," and "I will pay you a reasonable fee for getting my property back from my wife," was "ambiguous, uncertain and conflicting and requires construction." The court then .found that "the defendant Hauschild intended to and did contract to pay a reasonable fee for getting 'my property back from my wife' "; that the purported assignment was no more than an assignment as security for such reasonable fee; that to accomplish the purpose of "getting my property back from my wife" plaintiff filed an action to quiet title against the mortgagees of the property and the wife, but that the complaint was never served on the wife, "whose claim against the property was the reason for the litigation." The demurrer of the mortgagee, the Estate of Knouse, was sustained without leave to amend. The court found that plaintiff neglected his duties as an attorney in respect to the litigation and failed to render any service of value to plaintiff under the agreement except as above stated; that the purported assignment of a one-half interest was not valid and that plaintiff was "not entitled to have his title quieted as against the one-half interest in said property." In action No. 581830 (Civ. No. 18813) the court found that plaintiff entered into negotiations with the attorney for the Knouse estate and agreed that $3,450 was a reasonable settlement, but that "there was no agreement to pay this, or any other sum." Further, the court found that the plaintiff did not, as alleged, secure a person ready, willing and able to purchase the property or furnish the money to complete the settlement; and further, that the "defendant Hauschild never refused to proceed with the action to be taken by plaintiff as provided in their contract."

Appellant asserts (1) that the evidence establishes that the primary reason for appellant's employment was to save as much as possible from the threatened foreclosure of the Ninth Avenue property; (2) that the finding that the only employment of appellant. was to recover the joint tenancy interests previously given by respondent to his wife is not supported by the evidence—in other words, that the court erroneously construed the contract of employment; (3) that the court should have found that appellant was engaged to defend and compromise the mortgage foreclosure proceedings for 50 per cent of the net recovery, and in addition, to recover the joint

tenancy interest from respondent's wife for a reasonable fee; and (4) that appellant substantially performed the services he contracted to perform until respondent discharged him without cause.

When extrinsic evidence has been properly received by the trial court in aid of the construction of a contract or other instrument, if such evidence is substantial in support of the trial court's interpretation, even though opposing inferences might reasonably be drawn from conflicting evidence, the court on appeal "will adhere to the interpretation placed by the trial court on the writings and conduct of the parties." (*Edwards* v. *Billow,* 31 Cal.2d 350, 358, 359 [188 P.2d 748]; *Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319]; *Palmtag* v. *Danielson,* 30 Cal.2d 517, 522 [183 P.2d 265]; *Quader-Kino A. G.* v. *Nebenzal,* 35 Cal.2d 287, 294 [217 P.2d 650].)    Conversely, as stated by Mr. Justice Traynor in his dissenting opinion in the case last cited, "The interpretation of a contract or other written instrument, however, if there is no extrinsic evidence thereon or if the evidence is without conflict and not susceptible of conflicting inferences, is a question of law, and the finding of the trial court thereon is not conclusive on appeal." Another aspect of the applicable rule is set forth in *Johnston* v. *Landucci,* 21 Cal.2d 63, 69 [130 P.2d 405, 148 A.L.R. 1355], as follows: "Where the construction given an instrument by the trial court appears to be consistent with the true intent of the parties as shown by the evidence, another interpretation will not be substituted on appeal although such other interpretation might, without consideration of the evidence, seem equally tenable."

There can be no question but that the compensation agreement contained in the last paragraph of the "Statement of Facts" is uncertain. It is not clear therefrom, for example, what is meant by bringing "a proper action" "to get this property back for me"—whether this means "back from my wife" for which under the last sentence in the agreement plaintiff was to receive a reasonable fee, or whether "back for me" means "back" from the claim of the mortgage. As stated by the trial court in its oral opinion, the agreement "depends apparently upon various recitations found in the Statement of Facts, as it is called, a document prepared by an attorney-at-law who had had some relations with his client. The essence of the matter was at that time that Mr. Abbott was employed to get this property . . . "back for me."

"He made two statements, however, as to his compensation. First, 'I desire you to bring a proper action to get the property back for me,' and, 'For your compensation I will pay you 50% of any money realized from the sale of the property.' Then he turns around and in the next breath says, 'I will pay you a reasonable fee for getting my property back for me (from my wife).' . . .

"That being the case, the court must of necessity construe the contract most favorably to the client, assuming the client knew anything about it—and I doubt it. But assuming he did, it amounts to a contract to pay a reasonable fee for getting 'my property back from my wife.' . . ."

It cannot be held that the trial court's construction of the agreement was erroneous. The agreement was drawn by an attorney who had had previous relations with his client, an elderly man, hard of hearing, and inexperienced in business matters, who was beset with worries about his wife's mental condition and the imminent foreclosure of a mortgage of which he claimed to have no knowledge. The agreement itself constitutes but one paragraph in a document entitled "Statement of Facts." Further, giving it the construction contended for by appellant, the client was agreeing to pay not only one-half of the moneys salvaged from a settlement of the foreclosure litigation, but an additional "reasonable" fee for securing a judicial determination that property which had been in joint tenancy with his wife for 18 years was his separate property. Assuming the property to be of the value of $11,000 (appellant alleged, but failed to prove, that he secured a purchaser at this amount), there would be virtually nothing left for the client after settlement of the mortgage claim, payment to appellant of 50 per cent of the balance received, and in addition payment to appellant of a "reasonable" fee for "getting the property back from my wife." In the circumstances presented, we find the trial court's construction of the contract to be reasonable.

Further, in any event, it appears that the appellant failed to show by a preponderance of the evidence that he performed the duties required of him under the proported agreement. He commenced an action on behalf of respondent against respondent's wife and the mortgagees of the property, Knouse, Fugl and others. So far as the evidence before the trial court indicated, the complaint was never served upon the wife. Knouse and Fugl filed a demurrer which was sustained. The trial court properly found that plaintiff failed to appear on

the hearing of the demurrer and thereafter, being notified that he had 20 days to amend his complaint, failed to amend. The fee allowed for services actually rendered cannot be said to be unreasonable or inadequate.

Where, as here, the evidence was in conflict and while susceptible of conflicting inferences, was interpreted by the trial court in a manner reasonably justifying the conclusion that the construction given the instrument appears to be consistent with the true intent of the parties, as shown by the evidence, we are without power to retry the case and substitute another interpretation which might seem equally tenable without consideration of the evidence upon which the trier of fact relied and which he chose to believe.

For the foregoing reasons, the judgments appealed from are, and each of them is, affirmed.

Doran, J., and Drapeau, J., concurred.