[No. B013661. Second Dist., Div. One. Feb. 9, 1987.]

MONICA NIEDERER, Plaintiff and Respondent, v.
FRANK E. FERREIRA, Defendant, Cross-complainant and Appellant;
B. A. PAINE et al., Cross-defendants and Respondents.

COUNSEL

Lewitt, Hackman, Hoefflin, Shapiro & Herzog and George M. Wiener for Defendant, Cross-complainant and Appellant.

Wyman, Bautzer, Kuchel & Silbert and Kathryn Tschopik for Plaintiff and Respondent.

No appearance for Cross-defendants and Respondents.

OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Defendant Frank E. Ferreira appeals from a judgment in favor of plaintiff Monica Niederer, including an interlocutory order specifying issues without substantial controversy. He also appeals from a judgment in favor of the Paines, cross-defendants.

### STATEMENT OF FACTS

In 1974, plaintiff and the Paines negotiated the sale of the assets and name of Barnard Instruments, Inc. to Paine Instruments, Inc. Plaintiff owned 60 percent and her four children owned 40 percent of Barnard Instruments, Inc.; plaintiff also was president of the corporation. The Paines owned 49 percent of Paine Instruments, Inc.; defendant, some of his family and friends owned 51 percent.

As part of its payment, Paine Instruments, Inc. executed a promissory note; the note included a guaranty signed by defendant and the Paines. Plaintiff required the guaranty as security before she would agree to accept the note.

Following the sale, Barnard Instruments, Inc. changed its name to Niederer Instruments, Inc.; Paine Instruments, Inc. changed its name to Barnard Instruments, Inc. Niederer Instruments, Inc. subsequently liquidated and dissolved. Plaintiff executed an assignment of the promissory note on behalf of Niederer Instruments, Inc. and pursuant to the corporation's plan of liquidation; the assignment was to her individually and as custodian of her then-minor children.

Barnard Instruments, Inc. made monthly payments on the note to plaintiff through October 1978. Additional payments totalling $10,646.07 were made in March 1979. No further payments were made, although close to $10,000 still was owing on the note. Pursuant to the terms of the note, which provided all unpaid principal and interest would become immediately due in event of default, plaintiff demanded full payment from defendant and the Paines; they failed to make any payment. Barnard Instruments, Inc. subsequently was adjudged a bankrupt, with no assets available for distribution.

Plaintiff instituted this action against defendant and the Paines in 1980 and filed a first amended complaint in June 1982. Defendant filed a cross-complaint against the Paines.[1] In December 1982, plaintiff moved for summary judgment against defendant or, in the alternative, an order specifying issues without substantial controversy. The motion was granted, and the court issued an order specifying issues without substantial controversy. Defendant appealed from the order. In a published opinion, this court ordered the appeal dismissed on the ground the order was nonappealable. (*Niederer* v. *Ferreira* (1983) 150 Cal.App.3d 219 [197 Cal.Rptr. 685].) Trial was then held in the matter, with judgment in favor of plaintiff and cross-defendants.

CONTENTIONS

I

Defendant contends the trial court lacked jurisdiction to proceed in the absence of plaintiff's children, who were indispensable parties.

---

[1] A default subsequently was entered against the Paines.

## II

Defendant also contends plaintiff violated court rules for conduct of proceedings, in that she filed her motion for summary judgment on the last permissible day.

## III

Defendant asserts plaintiff's motion for summary judgment or, in the alternative, an order specifying issues without substantial controversy should have been denied as to the following triable issues of fact:

1. Whether plaintiff's children were indispensable parties;

2. Whether defendant's "guaranty" included the obligation to make payment in the event of default on the note;

3. If so, whether the obligation extended to plaintiff; and

4. Whether the assignment of the note was genuine.

## IV

Defendant also asserts plaintiff failed to give consideration for the guaranty.

## V

Defendant avers the trial court erred in awarding attorneys' fees to plaintiff.

## VI

Defendant further avers the award of attorneys' fees in the amount of $10,000 is excessive and unreasonable.

## VII

Defendant finally contends the judgment for cross-defendants B. A. and Barbara Paine is unsupported by the evidence and contrary to law.

Discussion

I

■ Defendant contends the trial court lacked jurisdiction to proceed in the absence of plaintiff's children, who were indispensable parties. We disagree.

Code of Civil Procedure section 389, subdivision (a), provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

■ However, "[f]ailure to join an 'indispensable' party is not 'a jurisdictional defect' in the fundamental sense; even in the absence of an 'indispensable' party, the court still has the power to render a decision as to the parties before it which will stand. It is for reasons of equity and convenience, and not because it is without power to proceed, that the court should not proceed with a case where it determines that an 'indispensable' party is absent and cannot be joined." (*Sierra Club, Inc.* v. *California Coastal Com.* (1979) 95 Cal.App.3d 495, 500 [157 Cal.Rptr. 190]; *Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 364 [140 Cal.Rptr. 744]; accord *Strauss* v. *Summerhays* (1984) 157 Cal.App.3d 806, 814 [204 Cal.Rptr. 227].) "[T]he decision whether to proceed with the action in the absence of a particular party is one within the court's discretion, as governed by the various factors enumerated in subdivision (b) of section 389, Code of Civil Procedure." (*Sierra Club, Inc., supra,* at p. 500.)

■ An indispensable party is one whose interest in the subject matter of the litigation would be injured or affected if he was not joined and the plaintiff was granted the affirmative relief sought. (*Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516, 522 [106 P.2d 879]; *Sierra Club, Inc.* v. *California Coastal Com., supra,* 95 Cal.App.3d at p. 501.) This may occur "where a number of persons have undetermined interests in the same property, . . . and one of them seeks, in an action, to recover the whole, to fix his share, or to recover a portion claimed by him. The other persons with similar interests are indispensable parties. The reason is that a judgment in

favor of one claimant for any part of the property or fund would necessarily determine the amount or extent which remains available to the others. Hence, any judgment in the action would inevitably affect their rights." (*Bank of California, supra,* at p. 521.)

■ Based on the above principle, defendant asserts plaintiff's four children are indispensable parties, in that they owned 40 percent of Niederer Instruments, Inc. and its interest in the promissory note; thus, the appropriate allocation of any recovery on the note requires that the children be party to the action. Moreover, if he were required to make payment solely to plaintiff, he "conceivably could be subjected to further legal action brought by the four children or any one or more of them." Defendant also asserts plaintiff is not entitled to recover her children's share of the payment on the note in their behalf as their "custodian."

The assignment of the promissory note reads: "FOR VALUE RECEIVED, pursuant to plan of liquidation adopted by NIEDERER INSTRUMENTS, INC., formerly named BARNARD INSTRUMENTS, INC., the holder hereof, NIEDERER INSTRUMENTS, INC., does hereby sell, assign and transfer to MONICA NIEDERER as to two-fifths (2/5) as Custodian for ANN MARIE NIEDERER, MONA CLAIRE NIEDERER, JOHN WALTER NIEDERER and PAUL ERNEST NIEDERER, Minors, as to three-fifths (3/5) to MONICA NIEDERER, individually, all of its right, title and interest in and to the within Note." The allocation of the interest between plaintiff and the children is clearly defined; thus, this is not a case "where a number of persons have undetermined interests in the same property" and one seeks to recover a share in it to the potential detriment of the others. (*Bank of California, supra,* 16 Cal.2d at p. 521.) Additionally, the risk of multiple liability which creates an indispensable party must be substantial, i.e., "more than a theoretical possibility of the absent party's asserting a claim that would result in multiple liability." (*Union Carbide Corp.* v. *Superior Court* (1984) 36 Cal.3d 15, 21 [201 Cal.Rptr. 580, 679 P.2d 14].) Defendant presented no more than a theoretical possibility he could be subject to further liability for the children's interest in the proceeds of the note.

Moreover, there was no showing the children themselves had a right to payment under the note or its guaranty. The note contains a promise "to pay to BARNARD INSTRUMENTS, INC., or order," the specified amount. Barnard Instruments, Inc. became Niederer Instruments, Inc., which then assigned its interest in the note to *plaintiff,* individually and as custodian for her children. Payments on the note were made to plaintiff.

Although the note was assigned to plaintiff, it never was endorsed either to her or in blank. Therefore, plaintiff never became a holder of the note.

(Cal. U. Com. Code, § 1201, subd. (20); *Security Pacific Nat. Bank* v. *Chess* (1976) 58 Cal.App.3d 555, 562 [129 Cal.Rptr. 852].) Nevertheless, a valid assignment of the note to her entitled her to bring an action on it—and thus on the guaranty, as will be discussed *post*—as its owner. (Cal.U.Com. Code, § 3201, subd. (1); 10 Cal.Jur.3d, Bills and Notes, § 348, p. 350.) Not only was plaintiff entitled to bring an action on the note and guaranty, but she was the only one entitled to bring the action, since the assignment was *to her,* not to her children, although she held their interest for them as custodian according to the assignment.

 12 Am.Jur.2d, Bills and Notes, section 1070 states: "It is the legal title to negotiable paper, and not the beneficial interest therein, which controls as to the proper parties plaintiff in suits for the collection thereof. Courts will never inquire whether a plaintiff sues for himself or as trustee for another . . . ." (At p. 97, fns. omitted.) 10 Cal.Jur.3d, *supra,* section 322 adds that the California Uniform Commercial Code provides the claim of a third person to an instrument is not an available defense to a party liable on the instrument. (At p. 321.)

 Based on the foregoing, we conclude although plaintiff's children had a beneficial interest in the proceeds of the note, because they were not assignees they had no right of action on the note and consequently were not indispensable parties to the action. Any action they might bring for their share of the proceeds would have to be against plaintiff, not defendant.

Additionally, as will be discussed *post,* this action is actually on the independent guaranty contract, not the note itself. (See *S.F.T. Seminary* v. *Monterey Co. G. & E. Co.* (1918) 179 Cal. 166, 172 [167 P. 854]; *Ingalls* v. *Bell* (1941) 43 Cal.App.2d 356, 368 [110 P.2d 1068]; 59 Cal.Jur.3d, Suretyship and Guaranty, § 62, pp. 116-117.) The guaranty either runs to plaintiff as assignee of the note, or to plaintiff as specially named obligee. If the latter, as with the former, the children would have no entitlement to bring an action on the guaranty (*Postlethwaite* v. *Minor* (1914) 168 Cal. 227, 232 [142 P. 55], disapproved on other grounds in *Thorpe* v. *Story* (1937) 10 Cal.2d 104, 120 [73 P.2d 1194]; 59 Cal.Jur.3d, *supra,* § 67, p. 127; 38 Am.Jur.2d, Guaranty, § 20, p. 1018) and would not be indispensable parties. Accordingly, the trial court did not abuse its discretion in finding plaintiff's children were not indispensable parties.

II

 Defendant also contends plaintiff violated court rules for conduct of proceedings, in that she filed her motion for summary judgment on the last permissible day. The contention is meritless.

Plaintiff noticed her motion for summary judgment on December 2, 1982, to be heard on December 17, 1982; notice was served on December 2. According to defendant's opposition to the motion, trial was set for January 31, 1983. At that time, Code of Civil Procedure section 437c provided in pertinent part: "Notice of the motion and supporting papers shall be served on the other party to the action at least 10 days before the time fixed for hearing. The motion shall be heard no later than 45 days before the date of trial, unless the court for good cause orders otherwise." The notice was served on defendant 15 days before the hearing, which was to be held 45 days before the date of trial; consequently, plaintiff complied with the law concerning the timing of her motion.

Defendant nevertheless asserts plaintiff violated a local court rule which provided a summary judgment motion noticed near the date set for trial is disfavored. Inasmuch as section 437c allowed such motions to be noticed and heard at least 45 days prior to the date of trial, it can only be motions noticed and heard after that time—which may be allowed only for good cause—which are disfavored. Plaintiff's motion, noticed and heard within the statutory time limits, was not disfavored and the trial court had no cause to deny it on that ground.

### III

Defendant asserts plaintiff's motion for summary judgment or, in the alternative, an order specifying issues without substantial controversy, should have been denied as to the following triable issues of fact:

1. Whether plaintiff's children were indispensable parties;

2. Whether defendant's "guaranty" included the obligation to make payment in the event of default on the note;

3. If so, whether the obligation extended to plaintiff; and

4. Whether the assignment of the note was genuine.

We disagree with the assertions.

A motion for summary judgment properly is granted where the "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice . . . may be taken" in support of and in opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subds. (b), (c).) Where "it appears that the proof supports the granting of such motion as to some but not all of the issues

involved in the action . . . , the court shall, by order, specify that such issues are without substantial controversy." (Code Civ. Proc., § 437c, subd. (f).) ■ Review of an order declaring an issue to be without substantial controversy is governed by the same standards as review of a summary judgment. (*Tauber-Arons Auctioneers Co.* v. *Superior Court* (1980) 101 Cal.App.3d 268, 273 [161 Cal.Rptr. 789].)

■ On a motion for summary judgment, the moving party's papers are strictly construed, accepting as fact only those portions not contradicted by opposing papers (*Harding* v. *Purtle* (1969) 275 Cal.App.2d 396, 399 [79 Cal.Rptr. 772]), while the opposing party's papers are liberally construed, all facts therein being accepted as true (*Orser* v. *George* (1967) 252 Cal.App.2d 660, 669 [60 Cal.Rptr. 708]). (*Kelleher* v. *Empresa Hondurena de Vapores, S. A.* (1976) 57 Cal.App.3d 52, 56 [129 Cal.Rptr. 32].) The opposing party need not file affidavits and declarations to defeat the motion unless the moving party has provided facts sufficient to establish every element necessary to sustain a judgment. (*Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].) The failure to file opposing papers admits the truth of the movant's declarations, but summary judgment only may be granted if the movant's papers show she is entitled to a judgment as a matter of law. (*Bispo* v. *Burton* (1978) 82 Cal.App.3d 824, 832 [147 Cal.Rptr. 442].)

Here, the moving papers included two declarations by plaintiff, a declaration by plaintiff's attorney, defendant's admissions and answers to interrogatories, as well as pertinent documents. Defendant submitted no declarations or affidavits in opposition to the motion.

*Whether Plaintiff's Children Were Indispensable Parties*

■ As previously discussed, neither the promissory note, the guaranty, nor the assignment created a right of action against defendant for plaintiff's children. Defendant presented no evidence which created a triable issue of fact as to whether the children had such a right or were indispensable parties. Therefore, this question was one which properly could be decided as a matter of law, and the court did not err in proceeding to summary judgment in the absence of the children.

*Whether Defendant's "Guaranty" Included the Obligation to Pay in the Event of Default*

■ Defendant asserts there is a triable issue of fact as to whether the guaranty in the promissory note is a legal obligation to pay all sums due on the note in the event of default or whether it is merely a guarantee as to the

creditworthiness of the maker, Paine Instruments, Inc. The guaranty reads: "For a valuable consideration, the receipt of which is hereby acknowledged, we, the undersigned, do hereby jointly and severally guarantee to Monica Niederer, her successors and assigns, the prompt payment of each and every installment of the within note, when due, waiving any defenses that the maker could not maintain as maker. We also waive demand of payments, the protest and notice of protest of the written note." Underneath the guaranty, at the bottom of the note, "PAYMENT GUARANTEED:" is written and, below that, are the signatures of defendant and the Paines.

Defendant admitted signing the original copy of the note, and that he "guaranteed payment" of the note in his individual capacity. He presented no evidence as to his intent at the time he signed the guaranty. His refusal to pay the balance due on the note is based on the assertion "[s]aid promissory note does not in its terms provide a written guarantee of defendant FRANK E. FERREIRA of any payments due pursuant to the note to plaintiff herein."

The dispute between the parties centers on the meaning of the language of the guaranty; they do not challenge the document itself and they presented no extrinsic evidence as to their intent at the time the document was signed. ■ Where the essence of the opposition to a motion for summary judgment is that the opposing party draws different legal conclusions than the movant from facts as to which the parties agree, resolution of the matter may be had on summary judgment as a matter of law. (*C.L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735, 743 [135 Cal.Rptr. 483]; *Jones-Hamilton Co.* v. *Franchise Tax Bd.* (1968) 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].)

Additionally applicable are the rules governing the interpretation of contracts. (Civ. Code, § 2837; 59 Cal.Jur.3d, *supra,* § 22, p. 47; see *Bass* v. *Hueter* (1928) 205 Cal. 284, 287-288 [270 P. 958]; *Johannsen* v. *Klipstein* (1930) 104 Cal.App. 128, 132 [284 P. 1057.) ■ Where a contract is clear and unambiguous, it is interpreted by the language therein without resort to extrinsic evidence. (Civ. Code, §§ 1638, 1639; *Bass, supra,* at p. 288; *Molybdenum Corp. of America* v. *Kasey* (1959) 176 Cal.App.2d 357, 363 [1 Cal.Rptr. 400].) Such interpretation is a question of law (*Ames* v. *Irvine Co.* (1966) 246 Cal.App.2d 832, 839-840 [55 Cal.Rptr. 180]; *Abbott* v. *Hauschild* (1952) 113 Cal.App.2d 383 [248 P.2d 41]), which may be resolved on summary judgment. Only where a contract is ambiguous, i.e., "when, on its face, it is capable of two different reasonable interpretations" (*United Teachers of Oakland* v. *Oakland Unified Sch. Dist.* (1977) 75 Cal.App.3d 322, 330 [142 Cal.Rptr. 105]; *Wechsler* v. *Capital Trailer Sales* (1963) 220 Cal.App.2d 252, 263 [33 Cal.Rptr. 680]), may extrinsic evidence be consid-

ered in aid of its interpretation, which then becomes a question of fact and not to be resolved on summary judgment. (*Loree* v. *Robert F. Driver Co.* (1978) 87 Cal.App.3d 1032, 1039-1040 [151 Cal.Rptr. 557]; see *Walsh* v. *Walsh* (1941) 18 Cal.2d 439 [116 P.2d 62]; *Wechsler, supra,* at p. 264.) The initial question whether a contract is ambiguous is also one of law. (*Id.,* at p. 263.)

The trial court found, in its order specifying issues without substantial controversy, "The language of the guaranty . . . is in fact the guaranty of defendant Frank E. Ferreira to pay all sums then due and owing to Monica Neiderer [*sic*]." By inference, the court also found the guaranty to be clear and unambiguous and reasonably interpreted only to mean defendant guaranteed payment on the note in the event of the maker's default.

The California Uniform Commercial Code section 3416, subdivision (1), provides: " 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." Thus, by law, the words beneath which defendant signed meant he would pay the amount owing on the note upon the maker's default.

Further, according to the terms of the guaranty, defendant waived any defenses the maker could not maintain, demand of payments, the protest and notice of protest of the written note. Such waivers would not be necessary if the guaranty was only as to the maker's creditworthiness; their inclusion in the guaranty is reasonable only if it is a guaranty of payment.

Defendant asserts the language of the guaranty does not contain an explicit promise to pay in the event of default, and therefore cannot be interpreted to contain such a commitment. However, in light of California Uniform Commercial Code section 3416, subdivision (1), and the language of the guaranty, such an interpretation is the only one which reasonably may be made. Consequently, the trial court properly determined as a matter of law the guaranty was one of payment.

Defendant also cites a Georgia case which distinguishes a guarantor from a surety, holding the former merely warrants the principal's solvency (*W. T. Rawleigh Co.* v. *Overstreet* (1944) 71 Ga.App. 873, [32 S.E.2d 574, 579-580]). However, this principle no longer holds true in Georgia (*Broun* v. *Bank of Early* (1979) 243 Ga. 319, [253 S.E.2d 755]), and California has specifically abolished any distinction between guarantors and sureties (Civ. Code, § 2787; see Cal.U.Com. Code, § 1201, subd. (40)).

*Whether the Obligation to Pay Extends to Plaintiff*

 Defendant contends the obligation to pay does not extend to plaintiff, in that: "*No commitment to pay this plaintiff can be found from the language of the note.* The guaranty clearly runs to the benefit of the payee and the fact that, for some recondite reason, the note mentions the plaintiff's name cannot and does not give rise to a cause of action in her. If a promise to pay in the event of default exists it is not a promise to pay her, but to pay the named payee, Barnard Instruments, Inc. or order, and she has no standing to sue on that so-called guaranty, but the suit can only be brought by the entity which succeeds to the rights of the payee. In other words, a guaranty of payment is for the benefit of the entity to whom the obligation is owed, and not to some third person who is not a party to the transaction." (Italics original.)

 A guaranty is either general or special. A special guaranty names a definite person as its obligee, and it may be enforced only by that person. (*Burkhardt* v. *Bank of America Nat. Trust & Sav. Ass'n* (1953) 127 Colo. 251, [256 P.2d 234, 236, 41 A.L.R.2d 1207]; 38 Am.Jur.2d, *supra,* § 20, p. 1018.) Unless otherwise specified, such a guaranty is not transferable. (*Id.,* § 35, p. 1033.) A general guaranty, on the other hand, does not name a specific obligee; it passes with the transfer of the note, the payment of which it guarantees, whether or not the guaranty is specifically mentioned in the transfer. (*Id.,* § 36, p. 1034.) Either type of guaranty may be enforced by one who is a party to it or interested in it by transfer, assignment, or other means. (59 Cal.Jur.3d, *supra,* § 67, p. 127.)

 Here, the guaranty specifically stated it was made to plaintiff. However, it guaranteed payment on the note, which was owed to Barnard Instruments, Inc. (subsequently Niederer Instruments, Inc.) not plaintiff. Assuming, as defendant contends, the guaranty is general, it passes with the transfer of the note. Plaintiff, as transferee of the note, would be entitled to the benefits of the guaranty. (Cal.U.Com. Code, § 3201, subd. (1); 10 Cal.Jur.3d, *supra,* § 348, p. 350; 38 Am.Jur.2d, *supra,* § 36, p. 1034.) If the guaranty is special, plaintiff, again, as named obligee, would be entitled to its benefits. (*Id.,* § 20, p. 1018.)

As previously discussed, there is no real dispute as to the facts. Rather, the dispute between the parties centers on the interpretation of the guaranty. Consequently, the question whether the guaranty ran to plaintiff's benefit was one which properly was resolved as a matter of law by the trial court in its order specifying issues without substantial controversy. (*C. L. Smith Co.* v. *Roger Ducharme, Inc., supra,* 65 Cal.App.3d at p. 743; *Jones-Hamilton Co.* v. *Franchise Tax Bd., supra,* 268 Cal.App.2d at p. 347.) Since, as

concluded above, plaintiff is entitled to payment under the guaranty whether it is general or special, the trial court properly found defendant guaranteed payment of all sums due and owing to plaintiff.

*Whether the Assignment of the Note Was Genuine*

Defendant contends plaintiff's conflicting and contradictory deposition and declarations raised a triable issue of fact as to the genuineness of the assignment of the note.[2]

Plaintiff stated, in her declaration in support of summary judgment: "On December 29, 1975, I executed a document on behalf of Niederer Instruments, Inc., transferring to me, individually and as the custodian for my children, the assets then remaining of Niederer Instruments, Inc., including said note, all of its liabilities having been satisfied. I hold an individual interest in the note to the extent of 3/5 of its proceeds and I hold a 2/5 interest in the note as the trustee and custodian for the interest of my children." Included in the record is a copy of the document, labeled "ASSIGNMENT," dated December 29, 1975, in which Niederer Instruments, Inc. sells, assigns and transfers all of its interest in the note to plaintiff pursuant to a plan of liquidation.

However, in her deposition, plaintiff was asked: "Now, Mrs. Niederer, was the promissory note which we have been referring to ever transferred or assigned to you?" She responded: "No, not to my knowledge."

Plaintiff explained her response in a supplemental declaration: "With respect to the testimony quoted in the opposition papers of Mr. Ferreira, that I denied that the promissory note was 'ever transferred or assigned' to me, I did not understand the question at the time Mr. Weiner [*sic*] (Mr. Ferriera's [*sic*] counsel) asked it. First, the promissory note had always been in my possession. Second, I did not understand the concept of assignment. I was represented at this deposition by Mr. Lande. The original assignment document was clipped to the original promissory note and in my safe deposit box. I had never given Mr. Lande a copy of the assignment. Much later, when Kathryn Tschopik of Lipofsky and Lande took over handling my case, she went through all of the documents in my former attorney's possession regarding the winding up and dissolution of Niederer Instruments and found his copy of the assignment. Because Mr. Weiner [*sic*] had made the contention that perhaps the assignment was false or a forgery, she prepared a decla-

---

[2]The court on the summary judgment motion found a transfer had occurred but did not identify it as an assignment. (*Niederer v. Ferreira, supra,* 150 Cal.Ap.3d 219, 224.) Neither did the trial court specify the type of transfer. Inasmuch as it is labeled an assignment and the parties refer to it as such, we also call it an assignment. ·

ration which my former counsel signed authenticating all of the documentation prepared in connection with the winding up and dissolution of Niederer Instruments, Inc., including the assingment [*sic*]. I have reviewed that declaration."

Where a plaintiff's admissions in a deposition contradict statements in the plaintiff's affidavits opposing the summary judgment, "the rule of liberal construction loses its efficacy and the granting or denial of the motion for summary judgment depends upon the issues of credibility. Accordingly, when a defendant can establish his defense with the plaintiff's admissions sufficient to pass the strict construction test imposed on the moving party . . . , the credibility of the admissions are valued so highly that the controverting affidavits may be disregarded as irrelevant, inadmissible or evasive." (*Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376, 382 [121 Cal.Rptr. 768], citations omitted; *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22 [112 Cal.Rptr. 786, 520 P.2d 10].)

Plaintiff's original declaration and deposition are in contradiction as to whether the note was transferred or assigned to her. However, her supplemental declaration explains this contradiction by her statement she did not understand the question asked of her at the deposition.

Moreover, defendant's admissions show there is no real dispute as to the genuineness of the assignment. The record contains a number of checks drawn on the Barnard Instruments, Inc. account, signed by defendant, and made payable to plaintiff. These checks are for $1,100 each, written one per month from October 1977 through October 1978. Several other checks, drawn on the Barnard Instruments, Inc. account, signed by defendant and made payable to California First Bank, plus a check from Gear-Metrixx, Ltd. payable to plaintiff, total $10,646.07.

In his answer to the first amended complaint, defendant alleged the $10,646.07 in payments were made by him personally, to plaintiff, on the note. In his response to plaintiff's second set of interrogatories and requests for admissions, defendant acknowledged payments on the note made through October 1978 and the $10,646.07 payments "were made either by defendant FRANK E. FERREIRA personally through the Barnard corporate account or by assignment of his interest in corporate funds."

Defendant also admitted, in response to plaintiff's first set of requests for admissions: "Payment in accordance with the terms of [the promissory] note were made until and including October 1, 1978."

From the foregoing, it is clear defendant treated the note as assigned to plaintiff and accordingly made payments on the note, to her, over a period

of time. He presented no evidence he ever challenged the genuineness of the assignment or plaintiff's right to receive payments thereunder.

Thus, the contradiction between plaintiff's deposition and original declaration is explained. The evidence also shows no genuine dispute as to the authenticity of the assignment. Consequently, summary judgment on this issue was proper and the court did not err in finding the genuineness of the assignment to be without substantial controversy.

## IV

 Defendant also asserts plaintiff failed to give consideration for the guaranty. The contention lacks merit.

Where, as here, the guaranty and principal obligation form one instrument and are entered into at the same time, consideration for the principal obligation also forms consideration for the guaranty. (*Bank of Italy* v. *Wetzel* (1927) 82 Cal.App. 240, 247 [255 P. 254]; 59 Cal.Jur.3d, *supra*, § 19, p. 41; 38 Am.Jur.2d, *supra*, §§ 44-45, pp. 1047-1048.) That no consideration flowed directly to the guarantor is irrelevant and it is no defense to the guarantor. (*Pitrolo* v. *Community Bank & Trust, N.A.* (W.Va. 1982) 298 S.E.2d 853, 856; see *Cechettini* v. *Consumer Associates, Ltd.* (1968) 260 Cal.App.2d 295, 298 [67 Cal.Rptr. 15]; *Moriconi* v. *Flemming* (1954) 125 Cal.App.2d 742, 745 [271 P.2d 182]; 10 Cal.Jur.3d, *supra*, § 93, p. 108; 11 Am.Jur.2d, Bills and Notes, § 217, p. 245.) Neither does it matter from whom the consideration flowed. (*Ibid.*)

Defendant does not assert there was no consideration for the promissory note itself. There being consideration for the note, there also was consideration for the guaranty, executed contemporaneously with the note. (*Bank of Italy* v. *Wetzel, supra,* 82 Cal.App. at p. 247.) That the consideration did not flow from plaintiff personally to defendant personally, but rather moved from Barnard Instruments, Inc. to Paine Instruments, Inc. does not preclude a finding of valid consideration or provide defendant with the defense of lack of consideration. (*Pitrolo* v. *Community Bank & Trust, N.A., supra,* 298 S.E.2d at p. 856.)

Additionally, the guaranty itself states it is made "[f]or a valuable consideration." The written guaranty containing the recital of consideration constituted a prima facie showing of consideration, and it was defendant's burden at trial to prove lack of consideration. (Civ. Code, §§ 1614, 1615; *Niederer* v. *Ferreira, supra,* 150 Cal.App.3d at p. 224.) The trial court found defendant did not meet this burden, offering no testimony to show lack of consideration. It also found plaintiff did give consideration for the guaranty;

among other things, she agreed to the sale only upon receiving some security for the promissory note offered by the buyer. This finding is based on plaintiff's testimony. Her agreement to go through with the sale in exchange for the guaranty of the promissory note conferred a benefit on the buyer and maker of the promissory note—the desired sale could take place—and thus constituted good consideration for the guaranty. (Civ. Code, § 1605; *Bank of Italy* v. *Wetzel, supra,* 82 Cal.App. at p. 247.) Consequently, there is sufficient evidence to support the trial court's finding of consideration.

V

Defendant avers the trial court erred in awarding attorneys' fees to plaintiff. We disagree.

The promissory note provides: "If action be·instituted on this Note, the undersigned promises to pay such sum as the Court may fix as attorney's fees." The guaranty states the guarantors "guarantee . . . the prompt payment of each and every installment of the within note, when due . . . ." It does not mention attorneys' fees. The trial court found the guarantors promised to pay "every installment due pursuant to the note." "Installment" was deemed to include payments of attorneys' fees, as provided in the note, in that the term was "merely descriptive of payments due." Additionally, defendant presented no evidence payment of attorneys' fees was not contemplated by the guaranty.

As a general rule, attorneys' fees are recoverable only if there is an express statutory or contractual provision therefor. (Code Civ. Proc., § 1021.) "A suretyship contract may specifically provide for attorneys' fees, and attorneys' fees may, in a proper case, be allowed when provided for in the principal contract secured by the suretyship obligation. Thus, where one guarantees payment of a note according to its terms, and the note provides for attorneys' fees, the judgment, in an action on the note and guaranty, may include attorneys' fees." (59 Cal.Jur.3d, *supra,* § 81, pp. 153-154.)

The guarantor's obligation rests on the contract of guaranty, not on the note itself, and an action against the guarantor must be brought on the contract of guaranty. (*S.F.T. Seminary* v. *Monterey Co. G. & E. Co., supra,* 179 Cal. 166, 172; *Ingalls* v. *Bell, supra,* 43 Cal.App.2d 356, 368; 59 Cal.Jur.3d, *supra,* § 62, pp. 116-117.) Nevertheless, the guaranty and the note "must be construed to be but one instrument, constituting a single contract, upon which the liability of the guarantor, to the extent of its obligation, [is] commensurate with that of the maker of the note." (*Anglo-California T. Co.* v. *Oakland Rys.* (1924) 193 Cal. 451, 466 [225 P. 452]; see *S.F.T. Seminary, supra,* at p. 172.)

*First Nat. Bank* v. *Spalding* (1918) 177 Cal. 217 [170 P. 407] holding the guaranty must be construed together with the note to determine the parties' intent, observes: "While it is true that a . . . guarantor may stand upon the strict terms of his contract, this means merely that his liability is not to be extended by implication beyond the express terms of the instrument in which his guaranty is contained." (At p. 221.) The court held the guarantor was bound to make payment on the guaranty in gold coin, even though the guaranty did not specify this means of payment, because the notes provided for such payment. (*Id.,* at pp. 221-222.) Additionally, the guarantor was obligated to pay as attorneys' fees a certain percentage of the unpaid balance on the notes, as specified in the notes, although the guaranty only called for payment of a "reasonable" fee. (*Ibid.*)

Where a guaranty provided the guarantor will " 'pay said note in accordance with its terms on the due date thereof' " if the maker defaults, and the note provided for payment of attorneys' fees while the guaranty did not, the guarantor was held liable for payment of attorneys' fees incurred in a suit on the guaranty. (*California S. F. Corp.* v. *Bessolo & Gualano* (1931) 118 Cal.App. 323, 327 [5 P.2d 478]; accord *Murphy* v. *Luthy Battery Co.* (1925) 74 Cal.App. 68, 77 [239 P. 341]; *Grace* v. *Croninger* (1922) 56 Cal.App. 659, 667 [206 P. 130].) The same rule applies where the guaranty is of "performance" of the underlying contract. (*College Nat. Bank* v. *Morrison* (1929) 100 Cal.App. 403 408 [280 P. 218].)

In the instant case, no extrinsic evidence was introduced as to the intention of the parties concerning attorneys' fees at the time they entered into the guaranty contract. Consequently, its interpretation is a question of law based on its terms. (Civ. Code, §§ 1638, 1639; *Abbott* v. *Hauschild, supra,* 113 Cal.App.2d 383, 387.)

While the terms of the guaranty do not specifically provide for payment of attorneys' fees in the event of a suit on the guaranty, the guaranty does, in essence, provide the guarantors will "perform" the underlying contract or make payment on the note in accordance with its terms in the event of default. Therefore, according to the previously stated authorities, defendant, as guarantor, agreed to pay attorneys' fees, as provided in the note, if there was a suit against him on the guaranty. (*California S. F. Corp.* v. *Bessolo & Gualano, supra,* 118 Cal.App. at p. 327; *College Nat. Bank* v. *Morrison, supra,* 100 Cal.App. at p. 408.) Construing the guaranty and note together leads to the conclusion this was the parties' intent—that the guarantor be bound by the express terms of the note and his liability be commensurate with that of the maker (*Anglo-California T. Co.* v. *Oakland Rys., supra,* 193 Cal. at p. 466). (*First Nat. Bank* v. *Spalding, supra,* 177 Cal. at p. 221.) Thus, the trial court did not err in awarding attorneys' fees to plaintiff, even though the guaranty did not specifically provide therefor.

## VI

Defendant further avers the award of attorneys' fees in the amount of $10,000 is excessive and unreasonable. Again, we disagree.

Where a contract provides for attorneys' fees but does not specify a particular sum, it is within the trial court's discretion to determine what constitutes reasonable attorneys' fees. (*Walters* v. *Marler* (1978) 83 Cal.App.3d 1, 36 [147 Cal.Rptr. 655]; *Iverson* v. *Spang Industries, Inc.* (1975) 45 Cal.App.3d 303, 312 [119 Cal.Rptr. 399].) The award will be disturbed on appeal only where there has been a manifest abuse of discretion. (*Walters, supra,* at p. 36; *Shannon* v. *Northern Counties Title Ins. Co.* (1969) 270 Cal.App.2d 686, 688 [76 Cal.Rptr. 7].) This may be where the amount awarded is so large or small that it shocks the conscience and suggests passion and prejudice influenced the determination. (*Iverson, supra,* at p. 312; *Shannon, supra,* at pp. 688-689.)

The major factors the trial court must consider in determining an attorneys' fee award include: the nature of the litigation and its difficulty; the amount of money involved in the litigation; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age and experience in the particular type of work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in trying the case; and the amount of time spent on the case. (*In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 296 [149 Cal.Rptr. 918]; *Nevin* v. *Salk* (1975) 45 Cal.App.3d 331, 343 [119 Cal.Rptr. 370].) When apprised of the pertinent facts, the trial court may rely on its own experience and knowledge in determining the reasonable value of the attorney's services. (*In re Marriage of Cueva, supra,* at p. 300.)

Plaintiff here was awarded the principal sum of $9,455.12 plus interest in the amount of $4,777.13, for a total damage award of $14,232.25. Defendant avers the attorneys' fee award of $10,000 was excessive in relation to the amount of the damages awarded. While the amount of money involved in the litigation is an important factor in determining an award of attorneys' fees, defendant cites no authority for the proposition it is a controlling factor. It is not necessarily related to such other factors as the amount of time spent on the case, the complexity of the litigation, the skill and effort required of the attorneys. In a case involving attorneys' fees awarded under 42 United States Code section 1988, the United States Supreme Court held an award of $245,456.25 was reasonable, even though the damages were only $33,350.00. (*Riverside* v. *Rivera* (1986) 477 U.S. 561 [91 L.Ed.2d 466, 106 S.Ct. 2686].) The court observed although "[t]he amount of damages a plain-

tiff recovers is certainly relevant to the amount of attorney's fees to be awarded . . . [i]t is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." (At p. _ [91 L.Ed.2d at p. 479].) The court rejected the notion the fee award *must* be proportionate to the amount of damages recovered. (*Ibid.*)

Here, the trial court received into evidence the bills received by plaintiff for attorney services in connection with the action and checks showing her payment of those bills. Plaintiff's attorney submitted a declaration explaining the charges and reviewing her own training and experience. The record also reveals successful steps undertaken in plaintiff's behalf: discovery, the motion for summary judgment, response to defendant's premature appeal and trial itself.

The trial court found the fees awarded were not excessive, in that: "1. Monica Niederer testified that at the time of the default, she had a conversation with Ferriera [*sic*] in which she asked him to pay and reminded him of his obligations as a guarantor; she further testified that during this conversation Ferriera [*sic*] told her that he wanted her to sue him because if a court ordered him to pay the debt he could pay it with 'before tax dollars' rather than with 'after tax dollars'; that, in order to establish his right to this tax consequence, he would not pay when sued, but would raise a substantial defense; and that she should seek a good lawyer, because he had a good lawyer;

"2. Ferriera [*sic*] testified that the only part of the foregoing conversation that he could remember was that Monica Niederer asked him to pay the amount due;

"3. Plaintiff's attorneys' fees at the conclusion of trial exceeded $13,000.00;

"4. Plaintiff showed through the declaration of her counsel that the bulk of her attorneys' fees were the result of various contentions and postures assumed by Ferreira . . . ."

It is clear the trial court considered the evidence before it and the relevant factors in determining the amount of attorneys' fees to be awarded. Although the award is large in proportion to the amount of damages awarded, it does not shock the conscience but is justified by other factors. Consequently, there was no abuse of discretion in the award. (*Iverson* v. *Spang Industries, Inc., supra,* 45 Cal.App.3d at p. 312; *Shannon* v. *Northern Counties Title Ins. Co., supra,* 270 Cal.App.2d at pp. 688, 689.)

## VII

Defendant finally contends the judgment for cross-defendants B. A. and Barbara Paine on the cross-complaint is unsupported by the evidence and contrary to law. We cannot agree.

The trial court ruled, in its minute order: "Judgment for Cross-defendant on the cross-complaint by reason of set-off." The record contains no statement of decision; counsel for the Paines was ordered to prepare, serve and file a statement of decision, which defendant claims was not done, but there is no indication why the record before us contains no statement of decision. Additionally, the cross-complaint and answer were not made a part of the record on appeal. Thus, the bases of defendant's claim against the Paines, their defense, and the trial court's ruling are not clear.

Defendant asserts it is uncontroverted he personally paid out $10,646.07 on the guaranty and no evidence was introduced which would support a setoff of the amount owed to defendant by the Paines; therefore, as a matter of law, he was entitled to a contribution from them of two-thirds the amount he paid. Defendant is correct that a guarantor who has paid an obligation under a guaranty has the right to require contribution from coguarantors. (Civ. Code, § 2848; *Gelbach* v. *Dewey* (1930) 105 Cal.App. 149, 151-152 [286 P. 1062]; *Booth* v. *Friedman* (1927) 82 Cal.App. 174, 179 [255 P. 222]; 59 Cal.Jur.3d, *supra,* § 104, pp. 183-184.) Absent an agreement to the contrary, each guarantor is liable for an equal portion of the obligation. (*Booth, supra,* at pp. 178-179.)

However, defendant misstates the record. It is uncontroverted he paid $10,646.07 to plaintiff from his own funds but there is substantial evidence showing this payment was made on the note on behalf of Barnard Instruments, Inc., not on the guaranty on defendant's own behalf. Additionally, the Paines introduced evidence apparently intended to show defendant misappropriated certain assets of Barnard Instruments, Inc., of which the Paines were shareholders, and this may have been the basis of the setoff.

Hampering our further review of defendant's contention is his failure to include the cross-complaint and answer thereto in the record on appeal. We do not know the basis of his claim against the Paines, so it cannot be determined whether the trial court ruled properly on the claim. It is an appellant's duty to present a record from which the appellate court can determine whether there has been error; failure to do so results in affirmance. (*Roberts* v. *Home Ins. Indem. Co.* (1975) 48 Cal.App.3d 313, 316 [121 Cal.Rptr. 862]; see also *Rossiter* v. *Benoit* (1979) 88 Cal.App.3d 706, 712 [152 Cal.Rptr. 65].)

 Additionally, a reviewing court begins with the presumption the record contains evidence sufficient to support the judgment, and it is an appellant's burden to demonstrate there is no substantial evidence to support the judgment. (*Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362]; *People* v. *Dougherty* (1982) 138 Cal.App.3d 278, 282 [188 Cal.Rptr. 123].) As stated in *Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397, 403 [325 P.2d 475]: " 'It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. [Citation.]' [Citation.] 'A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the [cross-defendants].' "

Defendant here does not refer in his brief to any of the evidence presented by the Paines; he does not demonstrate why it is legally or factually insufficient to support the judgment in their favor. This failure, along with the inadequate record, must be deemed to waive defendant's final contention on appeal.

The judgment is affirmed.

Devich, J., and Woods (N. F.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.