Filed 11/4/13  Longhenry v. Pete Hill Construction Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MICHAEL LONGHENRY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PETE HILL CONSTRUCTION COMPANY, INC.,<br><br>    Defendant and Respondent. | D061535<br><br><br><br>(Super. Ct. No.<br>37-2009-00086807-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Affirmed.

Michael Longhenry, in pro. per., for Plaintiff and Appellant.

Grimm, Vranjes & Greer, Eugene P. Kenny and Ryan R. Fick for Defendant and Respondent.

In this negligence action, plaintiff Michael Longhenry appeals a judgment entered after a jury verdict in favor of defendant Pete Hill Construction Company, Inc. (Hill). Longhenry contends the trial court erred by: granting his attorney's request to be relieved on the eve of trial; denying his new counsel's request to reopen discovery; granting Hill's

motions in limine; and denying Longhenry's request to make a "mini opening statement" accompanied by presentation of demonstrative evidence.

"On appeal, we must presume the trial court's judgment is correct. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 . . . .) In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583 . . . .)" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) "It is an appellant's duty to present a record from which the appellate court can determine whether there has been error; failure to do so results in affirmance." (*Niederer* v. *Ferreira* (1987) 189 Cal.App.3d 1485, 1509.)

"[A]n appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 . . . .)" (*Nielsen v. Gibson, supra,* 178 Cal.App.4th at p. 324.) " 'This court is not required to discuss or consider points which are not . . . supported by citation to authorities or the record.' " (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

Longhenry's designated record on appeal does not include a reporter's transcript or a complete clerk's transcript.[1] His briefs rely on facts unsupported by citations to the record. In his reply brief, Longhenry suggests that Hill, or this court, should procure a

---

[1]    The clerk's transcript includes only three documents directly bearing on Longhenry's contentions: his trial brief regarding the use of demonstratives in opening statements and two motions in limine by Hill. The clerk's transcript does not include the motion to be relieved, the motion to reopen discovery or opposition to those motions; opposition to the motions in limine; opposition to the request to make a "mini opening statement"; or a complete record of the court's reasoning in ruling on any of the motions.

reporter's transcript.  "The ordinary civil litigant is not entitled to free transcripts on appeal at public expense."  (*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 107.)  "[W]e will not take it upon ourselves to fulfill [Longhenry's] responsibilities."  *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 499, fn. omitted.)  The record before us shows no error; accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

McDONALD, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

3