Filed 6/12/15  Marriage of Perez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARIA C. and BALTAZAR PEREZ, JR. | |
| | D066309 |
| MARIA CLEOTILDE GONZALEZ MORALES, | |
| Respondent, | (Super. Ct. No. DS49829) |
| v. | |
| BALTAZAR PEREZ, JR., | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Paula S. Rosenstein, Judge.  Affirmed.

Baltazar Perez, Jr., in pro. per., for Appellant.

Maria Cleotilde Gonzalez Moralez, in pro per., for Respondent.

Baltazar Perez, Jr. appeals (Perez) following the June 2014 judgment dissolving his marriage to Maria Cleotilde Gonzalez Morales (Morales).  Perez challenges the spousal support order, the child visitation order and the property division.  We affirm.

BACKGROUND

The trial took place on June 4, 5 and 16, 2014. On June 4, Perez waived his right to receive a final declaration of disclosure (Fam. Code, § 2105, subd. (b))[1] from Morales. The court heard testimony from Morales's witness, Elivira Perez; from Perez's witness, Dana Hastings; and heard testimony regarding custody and visitation from Morales and Perez. The court considered a recommendation from family court services dated May 29 and adopted the recommendation as its order. Morales and Perez then testified concerning spousal support.

On June 5, 2014, Morales and Perez testified concerning issues involving personal property, real property, community debt and an income tax return. Morales testified about her income and Perez testified about "his income on his paycheck and his retirement."

On June 16, 2014, the court entered a judgment of dissolution. The court confirmed the parties' assets and debts with a net value of $24,776.50 for Morales and a net value of $64,776.50 for Perez and an equalizing payment of $20,000 from Perez to Morales. The court subtracted a $5,000 Visa bill and Morales's "portion of the 2012

---

[1] The final declaration of disclosure includes: "(1) All material facts and information regarding the characterization of all assets and liabilities. [¶] (2) All material facts and information regarding the valuation of all assets that are contended to be community property or in which it is contended the community has an interest. [¶] (3) All material facts and information regarding the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability. [¶] (4) All material facts and information regarding the earnings, accumulations, and expenses of each party that have been set forth in the income and expense declaration." (Fam. Code, § 2105, subd. (b).)

taxes of $753" from the $20,000 to make the equalizing payment $14,276.50 and ordered Perez to pay the Visa bill and 2012 tax debts. The court stated: "The Court has considered the [Family Code section 4320] factors including parties['] ages, standard of living (middle class), income, [Morales]'s inability to work (medical reasons), [Morales]'s work history (lack of), [Perez]'s ability to pay and length of the marriage. Based on the evidence, the Court orders [Perez] shall pay [Morales] $1800 per month in spousal support effective [January 1, 2014]. Also, the Court orders once child support terminates, spousal support shall increase to $2700 per month." The court referred "issues of child support, medical arrears, dental arrears and spousal support arrears" to the judicial officer in the family support division.

Perez's income and expense declaration, dated May 20, 2014, reflects the following. Perez was 63 years old and a resident of Illinois. He had a high school diploma, two years of post-secondary education, vocational training in hazardous waste, and was licensed as a contracting officer representative. On July 30, 2012, he began working about 40 hours per week as an environmental protection specialist with a gross hourly pay of $33.34. The previous month, his gross salary was $5,334. His average monthly salary was $2,667. He had two deductions: $2,820 in required retirement payments and $3,500 in health insurance premiums. He received a monthly pension payment of $2,700, monthly disability income of $250.00, and monthly rental property income of $450.00. Thus, his total income for the previous month, minus the deductions, amounted to $2,414, and his total average monthly pay, minus the deductions, was negative $253. Perez's monthly expenses were $3, 235. His installment payments and

3

debts totaled $74,109.68 after total payments of $4,667.68 in May; both of these amounts included $1,779.68 in child support. Perez and Morales had one minor child,[2] age unspecified, who lived with Morales 100 percent of the time; Morales did not let the child "be with [Perez] on any vacation . . . or when [he] came to San Diego." Perez had health insurance for the child available though his job at a cost to him of $409.96. The child's health care cost not covered by insurance was $250. Perez's travel expenses for visitation amounted to $850.00.

## DISCUSSION

Perez contends the order for $1,800 in spousal support is more than 55 percent of his income, an "absurd" amount because he is paying child support and "all medical, dental and vision expenses for [J., T. and Maria]."[3] Perez also contends the increase in spousal support to $2,700 upon termination of child support is more than his military retirement. He complains the court did not enforce the *Gavron* warning on Morales (*In re Marriage of Gavron* (1988) 203 Cal.App.3d 705, 712 ["Inherent in the concept that the supported spouse's failure to at least make good-faith efforts to become self-sufficient can constitute a change in circumstances which could warrant a modification in spousal support is the premise that the supported spouse be made aware of the obligation to become self-supporting."]), despite motions in 2011 and 2012. Perez contests the amount of debts he was required to pay, stating, "I submit proof of debt for you to

[2]    In his opening brief, Perez appears to refer to more than one child.

[3]    The record does not disclose who J. and T. are, or whether Maria is Morales or someone else.

4

consider half of the debts that are [Morales's]." Perez asserts that "for the last several years [Morales] has denied me visitation to my daughter's [*sic*]" and asks "for an open visitation to see my daughter's [*sic*]." Perez avers that Morales falsified the address she submitted to the court. Perez concludes that the court failed to review exhibits and "all the facts" and incorrectly applied the law. He asks this court to admonish Morales to seek employment, to impute income to her, to order an examination to determine her ability to work and to review and give Perez credit for his payment of "all medical, dental and vision" expenses.

"On appeal, we must presume the trial court's judgment is correct. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) "It is an appellant's duty to present a record from which the appellate court can determine whether there has been error; failure to do so results in affirmance." (*Niederer* v. *Ferreira* (1987) 189 Cal.App.3d 1485, 1509.)

The trial court proceedings were not reported. In his notice designating record on appeal, Perez did not ask to have included in the clerk's transcript documents bearing on his contentions, such as exhibits, Morale's income and expense declaration, the Family Court Services recommendation and the order containing the *Gavron* warning. "[W]e will not take it upon ourselves to fulfill [Perez's] responsibilities." (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 499.) The record before us shows no error; accordingly, we must affirm the judgment.

5

DISPOSITION

The judgment is affirmed.

_____
NARES, J.

WE CONCUR:


_____
McCONNELL, P. J.


_____
BENKE, J.

6