Filed 2/11/14  Wells Fargo Bank v. Smith CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A., | F063572 & F064074 |
| Plaintiff and Respondent, | (Super. Ct. No. 10CECG03693) |
| v. | |
| CHARLES SMITH, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Mark W. Snauffer, Judge.

Charles Smith, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

Plaintiff Wells Fargo Bank, N.A. (Wells Fargo), filed the present action for breach of contract against defendant Charles Smith (Smith), based on Smith's failure to pay amounts due on a $130,000 home equity loan that Smith received from Wells Fargo in 2006 (the loan agreement). Wells Fargo moved for summary judgment, presenting evidence of (i) the loan agreement and the lending of funds to Smith, (ii) Smith's failure to pay back the loan as required, and (iii) the amount Smith owed at that time. Smith's opposition to the motion failed to show the existence of a triable issue of material fact, and the trial court granted summary judgment in favor of Wells Fargo. In a subsequent hearing, the trial court also granted Wells Fargo's motion for attorney fees pursuant to the loan agreement. Smith separately appeals from the summary judgment and from the order granting attorney fees. We have ordered the two appeals (case Nos. F063572 and F064074) consolidated for purposes of decision.[1] We conclude the trial court correctly granted summary judgment and did not abuse its discretion in awarding contractual attorney fees. Accordingly, we affirm the judgment and order of the trial court below.

## FACTS AND PROCEDURAL HISTORY

Pleadings and Summary Judgment Motion

Wells Fargo filed its complaint for breach of contract on October 19, 2010. The complaint contained a single cause of action for breach of written contract. It alleged that in September 2006, Smith entered into the loan agreement with Wells Fargo under the terms of which Wells Fargo agreed to lend a particular sum of money to Smith and Smith promised to repay Wells Fargo the sum loaned plus interest, as specified in the loan agreement. Smith allegedly breached the loan agreement by failing to make payments as required and, at the time of the complaint, there was "due, owing and unpaid from [Smith] the sum of $133871.51 plus accruing interest thereon and late charges." In

---

[1] Case Nos. F063572 and F064074 were ordered consolidated under case No. F063572 on December 2, 2013.

addition to the amount due under the loan agreement, Wells Fargo's prayer for relief in the complaint sought recovery of its attorney fees under a provision of the loan agreement.

On January 20, 2011, Smith filed his answer to the complaint. His answer consisted of a denial of each of the paragraphs of the complaint, and a statement of various affirmative defenses. Smith also attached miscellaneous exhibits to his answer. The exhibits included a copy of a letter Smith had sent to Wells Fargo asking for verification of "WET INK SIGNATURES," and also a document that Smith prepared and mailed to Wells Fargo entitled "AFFIDAVIT OF NOTICE, DECLARATION, AND DEMAND FAIR NOTICE AND WARNING OF COMMERCIAL GRACE NOTICE OF NON-JUDICIAL PROCEEDING THIS IS A U.S. S.E.C. TRACER FLAG, NOT A POINT OF LAW" (the Commercial Affidavit).

On March 28, 2011, Wells Fargo filed its motion for summary judgment. The separate statement of undisputed material facts (separate statement) in support of the motion provided: "1. On September 22, 2006, [Smith] borrowed the principal sum of $130,000.00 from [Wells Fargo] pursuant to [the loan agreement]. [¶] 2. [Smith] defaulted on the [loan agreement]. [¶] 3. [Wells Fargo] has performed all conditions and covenants as required in accordance with the terms and conditions of the [loan agreement]. [¶] 4. The amount due and owing [Wells Fargo] is $133,645.00 as of September 9, 2009. [¶] 5. The amount due and owing to [Wells Fargo] is $150,946.61 as of June 29, 2011."

In support of the matters stated by Wells Fargo in its separate statement, the motion for summary judgment included the declaration of Travis Ashman, a Legal Operations Specialist in the collections department of Wells Fargo with knowledge of Smith's loan. Attached to Ashman's declaration was a copy of the loan agreement between Wells Fargo and Smith, signed by Smith, under the terms of which Smith was loaned $130,000 on a home equity line of credit. In his declaration, Ashman asserted that

Smith defaulted on the loan agreement by failing to make the monthly payment that came due on September 28, 2009, and failing to make all subsequent payments after that date. Referencing section 17 of the loan agreement, Ashman stated that as a result of Smith's failure to make the required payments, Wells Fargo became entitled to immediate repayment of the entire outstanding balance of the account. He reported that under Wells Fargo's records, copies of which were attached to the declaration, the unpaid balance due and owing as of September 9, 2009, was $133,645. Ashman's declaration reflected that Wells Fargo performed its obligation to loan funds to Smith under the loan agreement, but Smith did not honor his end of the bargain. Wells Fargo demanded that Smith pay the sums due and owing, but Smith "has failed, refused, and neglected to pay [Wells Fargo]" and he continued to withhold payment due to Wells Fargo. Pursuant to section 4 of the loan agreement, Ashman asserted that prejudgment interest in the sum of $10,212.16 was due from the date of the last interest calculation (Sept. 9, 2009) to the date of the motion for summary judgment. Finally, pursuant to section 10 of the loan agreement, Ashman requested that the summary judgment entered by the trial court include an award of attorney fees ($6,086.45) and costs ($1,003).

In support of the motion for summary judgment, a points and authorities was also filed by Wells Fargo, which explained that Wells Fargo's initial burden had been satisfied because it had supported the elements of its breach of contract cause of action against Smith.

On June 14, 2011, Smith filed his opposition to the motion for summary judgment. Smith pointed out he had served various discovery requests on Wells Fargo, and he generally argued that the case should be permitted to go to trial, but he did not set forth any evidence establishing a triable issue of material fact. Smith's separate statement in opposition to the motion merely cited to his answer to the complaint. Smith's declaration, which was not referenced in his separate statement, asserted that Wells Fargo

4.

had not adequately responded to his Commercial Affidavit or his letter seeking to verify wet ink signatures on loan documents.

Wells Fargo filed a reply in support of the motion, pointing out that the burden had shifted to Smith to demonstrate the existence of a triable issue of material fact, Smith failed to meet that burden and, therefore, the motion must be granted.

At the June 29, 2011, hearing, the trial court took the matter under submission. On June 30, 2011, the trial court issued its order granting the motion for summary judgment in favor of Wells Fargo. Wells Fargo was directed to submit a proposed judgment consistent with the summary judgment ruling. However, the trial court ruled that the request by Wells Fargo for attorney fees was premature at that time, and on that basis the attorney fees request was denied without prejudice to a subsequent, postjudgment motion.

On July 25, 2011, judgment in favor of Wells Fargo was entered by the trial court for the principal sum of $133,645 plus interest thereon in the amount of $10,212.16. The judgment left a blank for attorney fees and costs to be inserted.

For reasons that are not clear, Smith filed without leave of the court additional papers in opposition to the motion for summary judgment on July 8, 2011, even though the motion had already been heard and decided.

On July 27, 2011, Smith moved to vacate the judgment under Code of Civil Procedure section 473.[2] Wells Fargo filed opposition to the motion to vacate, arguing that the motion was baseless. On September 14, 2011, the trial court issued its written order explaining why none of the arguments raised by Smith showed that grounds for relief under section 473 existed. Hence, Smith's motion was denied.

Smith then filed his notice of appeal from the judgment.

---

[2]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Motion for Attorney Fees

On September 19, 2011, Wells Fargo filed its motion for attorney fees. The motion was based on the attorney fee provision set forth in the loan agreement and on attached records to substantiate the amount of attorney fees incurred by Wells Fargo in seeking to enforce its rights under the loan agreement. Wells Fargo requested a total of $7,162.50 in attorney fees. The trial court granted the motion on October 20, 2011, awarding to Wells Fargo attorney fees in the amount of $7,012.50. On December 2, 2011, Smith filed his notice of appeal from the attorney fee order, his second appeal in this matter.

Two Appeals Consolidated

As previously discussed in footnote 1, *ante*, we ordered the two appeals in this case consolidated for purposes of decision on December 2, 2013.

**DISCUSSION**

**I.      Summary Judgment Properly Granted**

*A.      Standard of Review*

We begin with the summary judgment motion. "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

Summary judgment is appropriate when all of the papers submitted show there is no triable issue of material fact and the moving party is entitled to a judgment as a matter of law. (§ 437c, subd. (c).) As applicable here, a plaintiff meets his or her burden as the moving party by proving each element of the "cause of action" entitling him or her to judgment. (*Id.*, subd. (p)(1); *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.* (2010) 186 Cal.App.4th 383, 388; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) § 10:233, pp. 10-102.) A plaintiff moving for summary judgment need not disprove any defense asserted by the defendant: "All that the plaintiff

6.

need do is to 'prove[] each element of the cause of action.'" (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 853.) If a plaintiff makes such a prima facie showing, the burden shifts to the defendant to demonstrate that a triable issue of material fact exists as to that cause of action or a defense thereto. (§ 437c, subd. (p)(1); *Santa Ana Unified School Dist. v. Orange County Development Agency* (2001) 90 Cal.App.4th 404, 411.) "The defendant … may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (§ 437c, subd. (p)(1).)

On appeal from a summary judgment, our task is to independently determine whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.) We review the trial court's decision de novo, considering all of the evidence set forth in the moving and opposing papers except that to which objections were made and sustained. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1039.) We liberally construe the opposing party's evidence, strictly construe the moving party's evidence, and resolve all doubts in favor of the opposing party. (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.)

B.      *Wells Fargo Met Its Burden as Moving Party*

Wells Fargo's sole cause of action was for breach of contract. The essential elements of such a cause of action are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." (*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830.) Wells Fargo's separate statement included each of the above elements and made reference to the declaration of Ashman (and exhibits thereto) to support its evidentiary burden as the moving party.

7.

As observed above, Ashman's declaration adequately described the loan agreement and a copy of the loan agreement was attached to the declaration. It also asserted that Wells Fargo performed its end of the bargain by loaning plaintiff the $130,000 as a home equity loan. Smith's material breach of the loan agreement—his failure to make payments after a certain date—was clearly specified and shown by the declaration. Finally, the declaration and exhibits thereto reflected the amount of resulting damages—i.e., the amount due and owing under the loan agreement plus accrued interest. We conclude that Wells Fargo met its initial burden as the moving party, and the burden shifted to Smith to demonstrate the existence of a triable issue of material fact. (§ 437c, subd. (p)(1).)

C.     *Smith Failed to Show Triable Issue of Fact*

Smith's burden was to produce admissible evidence showing a triable issue of material fact. (*Santa Ana Unified School Dist. v. Orange County Development Agency*, *supra*, 90 Cal.App.4th at p. 411.) He may not rely on defenses alleged in his pleadings without producing *evidence* to support them. (*Ibid*.; § 437c, subd. (p)(1).) Smith did not meet this burden. His separate statement merely referred to denials alleged in his answer. He failed to set forth evidence showing the existence of a triable issue of material fact.

Although not mentioned in his separate statement, Smith did file his own declaration in opposition to the motion for summary judgment. Smith's declaration noted that Wells Fargo had failed to respond to his Commercial Affidavit and his letter seeking to confirm wet ink signatures. However, Smith's opposition failed to cite any law or authority explaining how such matters conceivably created a triable issue of fact relating to Wells Fargo's breach of contract cause of action or a defense thereto. Indeed, as Wells Fargo pointed out in its reply, Smith's declaration did not even dispute that he entered the loan agreement, borrowed the money from Wells Fargo, failed to pay that money back as required, and owed the amounts that were specified by Wells Fargo. Finally, Smith's points and authorities in opposition to the motion merely focused on the fact that Smith

8.

had served discovery requests on Wells Fargo and Smith was not satisfied with the responses to same.[3]  As with the other documents filed by Smith in opposition, nothing was presented that would affect the outcome of the motion under section 437c.

We conclude that plaintiff failed to demonstrate the existence of a triable issue of material fact.  Accordingly, the trial court correctly granted the motion for summary judgment in favor of Wells Fargo.[4]

## II.    Contractual Attorney Fees Properly Granted

Attorney fees are recoverable as costs to the prevailing party when authorized by the parties' contract.  (§ 1033.5, subd. (a)(10); Civ. Code, § 1717; Code Civ. Proc., § 1021.)  Civil Code section 1717, subdivision (a), provides:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, … shall be entitled to reasonable attorney's fees in addition to other costs."

In the loan agreement, Smith expressly agreed that if he defaulted and Wells Fargo enforced its rights under the loan agreement, Smith would be obligated to pay costs and attorney fees of such an enforcement action.  Wells Fargo, as the prevailing party in the

---

[3]    As the trial court observed in its order granting summary judgment, Smith presented no evidence substantiating the allegedly inadequate discovery responses.  He also failed to show that he followed statutory discovery procedures to obtain further responses.  Additionally, Smith failed to explain how the purported discovery dispute had any bearing on the outcome of the motion for summary judgment.  Finally, nothing in the record reflects that Smith ever requested a continuance pursuant to subdivision (h) of section 437c.

[4]    To the extent that Smith also intended to appeal from the trial court's denial of his motion to vacate judgment under section 473, Smith failed to present any adequate legal or factual analysis on that issue.  Accordingly, we treat that matter as forfeited and disregard it.  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556-557; *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

action for breach of contract, was clearly entitled to an award of reasonable attorney fees under this contractual provision.  After considering the moving and opposing papers, the attorney billing records, and the parties' oral argument at the hearing, the trial court awarded attorney fees to Wells Fargo in the amount of $7,012.50.  Smith has failed to present any discernable argument that the amount awarded was not reasonable in amount. What constitutes reasonable attorney fees in a particular case is within the trial court's discretion, and such a determination will not be disturbed on appeal unless there has been a manifest abuse of discretion.  (*Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485, 1507.)  No such abuse has been shown here.  The award was not only reasonable but well within the bounds of the trial court's discretion.

## DISPOSITION

The judgments and orders of the trial court are affirmed.  Costs on appeal are awarded to Wells Fargo.

_____

Kane, Acting P.J.

WE CONCUR:

_____

Detjen, J.

_____

Franson, J.

10.