Filed 11/19/15  Deer Crest Assoc. v. Granum Partners CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DEER CREST ASSOCIATES I, L.C., | H039919 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-11 CV193356) |
| v. | |
| GRANUM PARTNERS, | |
| Defendant and Respondent. | |

In this breach of guaranty action, plaintiff Deer Crest Associates I, L.C. (Deer Crest) appeals a judgment entered in favor of defendant Granum Partners (Granum) following Granum's successful motion for summary judgment.  On appeal, Deer Crest asserts that the trial court erred in granting Granum's summary judgment motion.  We will affirm.

### STATEMENT OF THE FACTS AND THE CASE

Deer Crest owns an expandable condominium project (the condominium project).  On July 1, 2005, Deer Crest entered into a construction contract (the construction contract) with Silver Creek Development Group, L.L.C. (Silver Creek).  Pursuant to the construction contract, Silver Creek agreed to perform construction work on the condominium project, including construction of a building and completion of "punch list" items, for a payment of $1,588,926.45.  Silver Creek's bid on the construction contract was based on early 2004 pricing for materials and labor.

Granum executed a written guaranty (the guaranty) in connection with the construction contract. The guaranty referred to Granum as "Guarantor," referred to Deer Crest as "Owner," and referred to Silver Creek as "Builder." As pertinent here, the guaranty stated that Guarantor "guarantees and promises to and for the benefit of Owner that Builder shall complete construction of the project for a price not to exceed $1,588,926.45. If the price exceeds $1,588,926.45, Builder will be responsible for payment to Builder for cost overruns." The guaranty further provided: "Owner does not need to pursue its claim against Builder before exercising the Guaranty against Guarantor. Owner may proceed directly against Guarantor for all claims being guaranteed by Guarantor."

In October 2005, Silver Creek employees discovered a critical error in the design of the foundation. This error was the result of a mistake made by Deer Crest's architect. The error delayed the construction project for eight months, until June 2006. Deer Crest and Silver Creek entered into a written change order for the foundation issue that added $46,000 to the price in the construction contract.

During the eight-month delay, prices for materials increased due to natural disasters and demand in the construction market. From June 2006 through December 2006, it became apparent to Silver Creek's president that holding to the 2004 bid prices would be impossible. In October 2006, Silver Creek informed Deer Crest of increased prices for stone and copper. On November 1, 2006, Silver Creek informed Deer Crest that the price of drywall had greatly increased in the past two years. Silver Creek advised Deer Crest that, given the increased prices for materials, the cost of the project would exceed the total budget.

On December 4, 2006, Deer Crest sent a demand letter to Silver Creek explaining that the construction contract was a fixed-price contract. The demand letter specified that

2

"any cost overruns that are not due to change orders or caused by any conduct of [Deer Crest] are to be absorbed by the general contractor."

On December 6, 2006, Silver Creek sent an e-mail to Deer Crest in response to the demand letter. That e-mail proposed a price increase of $78,626.98, resulting in a total price of $1,667,553.43. The e-mail advised that "[t]hese monies WILL be required to complete construction." (Capitalization in original.)

Silver Creek and Deer Crest never resolved the issue of cost overruns. On February 5, 2007, Deer Crest sent Silver Creek a termination notice. Silver Creek did not complete the work described in the construction contract.

Deer Crest hired another contractor to complete the construction work described in the construction contract. Deer Crest paid that contractor $1,145,222.22 to complete the work.

On February 2, 2011, Deer Crest filed a complaint against Granum alleging a single cause of action for breach of guaranty. The complaint alleged that Granum was liable, under the terms of the guaranty, to pay Deer Crest $483,300.59 in cost overruns.

Granum demurred to the complaint, arguing in part that it was not liable for cost overruns under the express language of the guaranty. The trial court sustained the demurrer, with leave to amend, on the ground that the complaint failed to allege sufficient facts to sustain a cause of action.

Deer Crest filed a first amended complaint on October 18, 2011. The first amended complaint restated the cause of action for breach of guaranty and alleged that there was a typographical error in the guaranty. Specifically, the first amended complaint alleged that the portion of the guaranty regarding cost overruns should have stated: "If the price exceeds $1,588,926.45, Guarantor will be responsible for payment to Owner for cost overruns."

3

On November 14, 2012, Granum moved for summary judgment on two grounds: 1) the action was barred by the statute of limitations; and 2) modification of the construction contract exonerated Granum from liability.  On May 3, 2013, the trial court granted the summary judgment motion on the ground that the action was barred by the statute of limitations.

On May 21, 2013, the trial court entered judgment in favor of Granum.  This appeal followed.

**DISCUSSION**

Deer Crest contends that the judgment must be reversed because the trial court erred in granting summary judgment.  Deer Crest makes three arguments in support of reversal:  1) the action was not barred by the statute of limitations; 2) modification of the construction contract did not exonerate Granum from liability; and 3) the trial court prejudicially erred in excluding evidence that Deer Crest offered in opposition to summary judgment.

As explained below, we conclude that the trial court properly granted summary judgment on the ground that the action was barred by the statute of limitations, and we also conclude that there was no prejudicial evidentiary error.  We accordingly will affirm.[1]

***Legal Principles:  Summary Judgment and the Standard of Review***

"Summary judgment is appropriate when all of the papers submitted show there are no triable issues of any material fact and the moving party is entitled to a judgment as a matter of law.  [Citation.] 'The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine

---

[1]  Given our conclusion that the action was barred by the statute of limitations, we need not address Deer Crest's argument regarding exoneration.

4

whether, despite their allegations, trial is in fact necessary to resolve their dispute.'
[Citation.]" (*Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 444 (*Minish*).)

"A defendant may move for summary judgment if the action has no merit.
[Citation.] A defendant meets the initial burden of showing a cause of action is without merit if the defendant shows that one or more elements of the cause of action cannot be established or . . . there is a complete defense to a cause of action or the complaint.
[Citation.] Once the defendant makes such a showing, the burden shifts to the plaintiff to produce evidence demonstrating the existence of a triable issue of material fact."
(*Minish, supra,* 214 Cal.App.4th at p. 444.) "A summary judgment 'shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In determining whether the papers show that there is no triable issue as to any material fact the court shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court . . . .' [Citation.]" (*McGrory v. Applied Signal Tech., Inc.* (2013) 212 Cal.App.4th 1510, 1523.)

"Our review of the granting or denial of summary judgment is de novo." (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1092.) "In conducting such de novo review, we 'consider[] all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.'
[Citation.]" (*Ibid.*)

"On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court." (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.) " 'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues the appellant claims are present by citation to the record and any supporting authority.' " (*Ibid.*)

5

*Legal Principles:  Contracts of Guaranty and the Statute of Limitations*

"A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor." (Civ. Code, § 2787.)  There is no distinction between a surety and a guarantor. (*Ibid.*)  "A surety who has assumed liability for payment or performance is liable to the creditor immediately upon the default of the principal, and without demand or notice." (Civ. Code, § 2807.)

A guarantor's obligation "rests on the contract of guaranty." (*Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485, 1505 (*Niederer*).)  "[A]n action against the guarantor must be brought on the contract of guaranty." (*Ibid.*)  A contract of guaranty is interpreted "by the same rules used in construing other types of contracts." (*RCA Corp. v. Hunt* (1982) 133 Cal.App.3d 903, 906.)  "Where the contract language 'is clear and explicit,' its terms are interpreted without regard to extrinsic evidence." (*Central Bldg., LLC v. Cooper* (2005) 127 Cal.App.4th 1053, 1058 (*Central Bldg.*).)

" 'Statute of limitations' is the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring a cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.)  "A plaintiff must bring a claim within the limitations period after accrual of the cause of action." (*Ibid.*)  "In other words, statutes of limitation do not begin to run until a cause of action accrues." (*Ibid.*) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" (*Ibid.*)  "As a general rule, statutes of limitations begin to run once every element of a cause of action has occurred." (*Ferguson v. Yaspan* (2014) 233 Cal.App.4th 676, 683.)  "In ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element necessary to the cause of action." (*Krieger v. Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 221.)

Written contracts are subject to a four-year statute of limitations.  (Code Civ. Proc., § 337, subd. (1).)  The parties agree that this four-year statute of limitations applies

6

to the case at hand. Given that the complaint here was filed on February 2, 2011, the cause of action had to accrue after February 2, 2007 to be timely. Thus, the issue here is whether the cause of action accrued before or after February 2, 2007.

*The Action was Barred by the Statute of Limitations*

Deer Crest contends that "courts look to the terms of a guaranty to define when the guarantor's obligation commences and the statute of limitation begins to run." We agree that Granum's obligation rests on the contract of guaranty, and we will look to the language of the guaranty to determine the time at which Granum was liable to pay cost overruns. (*Niederer, supra,* 189 Cal.App.3d at p. 1505 [a guarantor's obligation "rests on the contract of guaranty"]; see also *Central Bldg., supra,* 127 Cal.App.4th 1053, 1058 [where the contract language is clear and explicit, its terms are interpreted without regard to extrinsic evidence].) For purposes of our analysis, we will assume the typographical error alleged in the first amended complaint.

Under the terms of the guaranty here, Granum "guarantees" and "promises" that Silver Creek "shall complete construction of the project for a price not to exceed $1,588,926.45" Pursuant to the guaranty, liability "for cost overruns" attaches "[i]f the price exceeds $1,588,926.45." Granum, as guarantor, was thus immediately liable when the price of construction exceeded $1,588,926.45. (Civ. Code, § 2807 [a guarantor is liable for payment "immediately upon the default of the principal, and without demand or notice"].) We must identify the time at which the price exceeded $1,588,926.45 in order to determine when Granum's liability for cost overruns commenced.

The price of construction exceeded $1,588,926.45 before February 2, 2007. On December 6, 2006, Silver Creek sent Deer Crest an e-mail that proposed a price increase of $78,626.98 and a total construction price of $1,667,553.43. The e-mail specified that "[t]hese monies WILL be required to complete construction." (Capitalization in original.) Thus, the price of construction exceeded $1,588,926.45 on December 6, 2006, Granum

7

was liable for payment of cost overruns on that date, and Deer Crest's cause of action accrued on that date. Because the cause of action accrued before February 2, 2007, the trial court properly granted summary judgment on the ground that the action was barred by the statute of limitations.

Deer Crest contends that "based on the terms of the guaranty between the parties, the condition which triggered performance on the guaranty did not occur until [Silver Creek's] construction costs exceeded $1,588,926.45." Deer Crest asserts that the complaint was timely because "there was [*sic*] only $973,004.82 of construction costs incurred by Silver Creek" at the time of the termination notice on February 5, 2007. Deer Crest's argument conflicts with the plain language of the guaranty. The guaranty did not state that Granum was liable for cost overruns when the "costs incurred" by Silver Creek exceeded $1,588,926.45. Rather, as we explained above, the guaranty specified that liability for cost overruns attached upon a "price" in excess of $1,588,926.45. Deer Crest has failed to show that the trial court erred in ruling that the action was barred by the statute of limitations.

### Deer Crest has Failed to Show Prejudicial Evidentiary Error

Deer Crest contends that the trial court prejudicially erred in excluding two items of evidence that Deer Crest offered in opposition to summary judgment: Deer Crest's own responses to section 17.1 of the form interrogatories and the declaration of Deer Crest Manager Angela Sabella. Deer Crest's evidentiary claims fail.

Deer Crest has failed to show error in the exclusion of its own responses to the form interrogatories. Code of Civil Procedure section 2030.410 provides, in pertinent part: "At the trial or any other hearing in the action, . . . the propounding party or *any party other than the responding party* may use any answer or part of an answer to an interrogatory *only against the responding party*." (Italics added.) Deer Crest fails to cite any contrary authority showing that it was in fact entitled to introduce its own responses

8

to the form interrogatories against Granum. Indeed, Deer Crest's argument regarding the interrogatories is completely devoid of citation to any legal authority. Deer Crest has thus failed to show error. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [to demonstrate error, an appellant must present meaningful legal analysis supported by citations to authority].)

Deer Crest has failed to show that it was prejudiced by the exclusion of Sabella's declaration. Although Deer Crest contends that the declaration "contained important facts" that showed the action was not barred by the statute of limitations, nothing in the declaration suggested the action was timely. The declaration in no way showed that the price of construction exceeded $1,588,926.45 after February 2, 2007. Rather, Deer Crest relies on the declaration only to support its theory that Silver Creek had incurred construction costs of $973,004.82 at the time of the termination notice on February 5, 2007. As we explained above, the statute of limitations began to run when the price exceeded $1,588,926.45, not when the costs incurred by Silver Creek exceeded $1,588,926.45. Deer Crest has thus failed to show prejudice.

### DISPOSITION

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:


_____
ELIA, J.


_____
WALSH, J.[*]


*Deer Crest Associates v. Granum Partners*
**H039919**

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10